UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Monica Buboltz, | Civil No. 05-3002 (PAM/JJG) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Residential Advantages Inc., | |
| Defendant. | |

This matter is before the Court on Defendant Residential Advantages Inc.'s Motion to Dismiss. For the reasons that follow, the Court grants in part and denies in part the Motion.

**BACKGROUND**

Defendant Residential Advantages Inc. is a provider of residential services to disabled adults who live in group homes. (Compl. ¶ 12.) Residential Advantages hired Plaintiff Monica Buboltz in 2000 as a direct service provider to aid residents in its group home. (Id. ¶ 18.)

Buboltz alleges that she is legally blind and that her "blindness is a physical or sensory impairment that substantially limits one or more of her major life activities." (Id. ¶¶ 16-17.) Until February 2005, one of the tasks that Buboltz performed as a direct service provider was dispensing medication to residents. With the aid of a magnifier, Buboltz accurately and safely dispensed medication and never had problems with the task. (Id. ¶¶ 22-24.) Indeed, Residential Advantages never discussed any problems with Buboltz dispensing medication. (Id. ¶ 26.) Nonetheless, in February 2005 Residential Advantages restricted

Buboltz from dispensing medication, citing concern that her blindness would cause her to make a mistake.  (Id. ¶ 21.)

Residential Advantages also restricted Buboltz from working alone at the group home, again because of her blindness. (Id. ¶ 29.)  It did so without discussing whether a reasonable accommodation existed that might alleviate its concerns about her working with residents alone. (Id. ¶ 32.)  The restriction of not working alone at the group home significantly affected Buboltz's scheduling options and prevented her from receiving the maximum number of shifts and hours. (Id. ¶¶ 30, 35.) By June 2005, Residential Advantages was severely restricting Plaintiff's shifts and hours because of the restrictions. (Id. ¶ 35.)

According to Buboltz, between February and August 2005, management made a number of derogatory comments regarding her blindness and made unfounded allegations that her impairment kept her from satisfactorily performing her job. (Id. ¶ 33.)  These comments, combined with the restrictions placed on her and the reduction in her hours, purportedly forced Buboltz to resign on August 1, 2005.  (Id. ¶¶ 34-36.)

Buboltz filed a discrimination charge with the Minnesota Department of Human Rights (MDHR) on July 25, 2005.  (Martin Aff. Ex. 1.)   The MDHR issued a right-to-sue letter on September 15, 2005, informing Buboltz that her charge did not warrant agency resources, but that she could bring a district court action within forty-five days.  (Id. Ex. 3.) The Equal Employment Opportunity Commission (EEOC) issued a Dismissal and Notice of Rights on September 29, 2005, informing Buboltz that it adopted the findings of the MDHR. (Miller-Van Oort Aff. Ex. A.)   That notice stated: "You may file a lawsuit against

2

[Residential Advantages] under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this Notice, or your right to sue based on this charge will be lost." (<u>Id.</u>) Buboltz alleges that she received the right-to-sue letter from the EEOC "on or about October 1, 2005." (Compl. ¶ 10).

Buboltz then asked the MDHR to reconsider its decision not to pursue her claim. The MDHR affirmed its decision in a letter and memorandum dated October 24, 2005. (Martin Aff. Ex. 4.) The letter also informed Buboltz that she had forty-five days to sue. (<u>Id.</u>)

Buboltz filed this action on December 29, 2005, seeking relief under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 <u>et seq.</u>; the Rehabilitation Act of 1973, 29 U.S.C. § 794 <u>et seq.</u>; and the Minnesota Human Rights Act (MHRA), Minn. Stat. § 363A <u>et seq.</u>

**DISCUSSION**

Residential Advantages advances three arguments in favor of dismissal: (1) the action is untimely; (2) Buboltz is not disabled; and (3) Buboltz has not alleged sufficient facts to establish an adverse employment action.

**A.    Standard of Review**

For the purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court takes all facts alleged in the complaint as true. <u>See</u> <u>Westcott v. Omaha</u>, 901 F.2d 1486, 1488 (8th Cir. 1990). The Court must construe the allegations in the complaint and reasonable inferences arising from the complaint favorably to the plaintiff. <u>See</u> <u>Morton v. Becker</u>, 793 F.2d 185, 187 (8th Cir. 1986). A motion to dismiss will be

granted only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Id.; see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

**B.     Timeliness**

   1.     State Discrimination Claim

Residential Advantages argues that the MHRA claim fails because Buboltz failed to commence this action within forty-five days of the MDHR reconsideration decision. Under the MHRA's statute of limitations, a person must bring a civil action within forty-five days after receipt of either a notice that the commissioner has dismissed a charge or a notice that the commissioner has decided not to reopen a dismissed case that the charging party asked to be reopened. See Minn. Stat. § 363A.33, subd. 1. The MDHR issued its reconsideration decision on October 24, 2005. Buboltz commenced this action well after forty-five days from that date. Thus, the MHRA claim is untimely.

   2.     Federal Discrimination Claims

Residential Advantage argues that the ADA and Rehabilitation Act claims are time-barred because Buboltz did not commence this action within ninety days of receiving the original right-to-sue letter from the MDHR.

Buboltz had ninety days from the receipt of the EEOC's Dismissal and Notice of Rights to commence an action against Residential Advantages. See 42 U.S.C. § 2000e-5(f)(1). The EEOC issued a right-to-sue letter on September 29, 2005, and Buboltz received the letter on October 1, 2006. Buboltz filed the Complaint on December 29, 2005 — less than ninety days later.

4

When Buboltz received the MDHR right-to-sue letters is irrelevant. The plain language of 42 U.S.C. § 2000e-5(f)(1) requires, as a condition precedent to litigating in federal court, a right-to-sue letter issue by the EEOC. Thus, a right-to-sue letter by a state agency does not trigger the ninety-day limitation period for federal claims. Rather, only a right-to-sue letter from the EEOC triggers the limitation period. See Perez Cordero v. Wal-Mart PR, Inc., 235 F. Supp. 2d 95, 103-05 (D. P.R. 2002) (right-to-sue letter from Puerto Rico Anti-Discrimination Unit did not trigger the ninety-day limitation period for federal claims that would be triggered by a right-to-sue letter from the EEOC); see also Vielma v. Eureka, 218 F.3d 458, 466 (5th Cir. 2000) ("receipt of a right-to-sue letter from the EEOC is the exclusive mechanism for commencing the federal 90-day period, and receipt of a state letter does not trigger the federal period."). Because Buboltz filed suit within ninety days of receiving the notice from the EEOC, her federal discrimination claims are timely.

**C.      Disability and Adverse Employment Action**

Residential Advantages argues that Buboltz's claims fail as a matter of law because she is not disabled and because she has not alleged sufficient facts to establish that it took an adverse employment action against her.

The Complaint alleges that Buboltz is legally blind and that her blindness constitutes a physical or sensory impairment that substantially limits one or more of her major life activities. (Compl. ¶¶ 16-17.) The Complaint also alleges that Residential Advantages took several adverse employment actions against Buboltz because of her blindness, including reducing her work hours, precluding her from performing certain necessary tasks, subjecting

her to a hostile work environment, refusing to reasonably accommodate her blindness, and constructively discharging her. (Id. ¶¶ 29-36.) These allegations sufficiently plead a disability discrimination claim to withstand the Motion to Dismiss.

**CONCLUSION**

The MHRA claim is untimely and therefore fails as a matter of law. However, the ADA and Rehabilitation Act claims are timely. Moreover, the Complaint sufficiently pleads both disability and adverse employment action. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant Residential Advantages Inc.'s Motion to Dismiss (Docket No. 4) is **GRANTED in part** and **DENIED in part**; and

2. Count IV.C. of the Complaint, which sets forth the MHRA claim, is **DISMISSED with prejudice**.

Dated: October 13, 2006

                                                s/ Paul A. Magnuson
                                                Paul A. Magnuson
                                                United States District Court Judge